**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| INOVATEUS SOLAR, LLC, ) | |
| ) | |
|     Plaintiff/Counterclaim-Defendant, ) | |
| ) | |
| v. ) | CAUSE NO. 3:16-cv-00312-JD-MGG |
| ) | |
| POLAMER PRECISION, INC., ) | |
| ) | |
|     Defendant/Counterclaim-Plaintiff ) | |
| _____ ) | |
| ) | |
| INOVATEUS SOLAR, LLC, ) | |
| ) | |
|     Third-party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SOLAR LANDSCAPE, LLC, ) | |
| ) | |
|     Third-party Defendant. ) | |

**OPINION AND ORDER**

On December 8, 2016, third-party Defendant Solar Landscape, LLC ("Solar") timely filed the instant motion to dismiss third-party Plaintiff Inovateus Solar, LLC's ("Inovateus") third-party complaint. Inovateus filed its response on January 5, 2017. Plaintiff's motion became ripe on January 12, 2017, when its reply brief was filed. The undersigned may enter a ruling in this matter based on the parties' consent and 28 U.S.C. 636(c).

**I.    RELEVANT BACKGROUND**

Inovateus, an Indiana LLC, was contracted by Polamer Precision, Inc. ("Polamer"), a Connecticut corporation, to install rooftop solar panels at a facility in Connecticut ("the Project"). The Engineering, Procurement, and Construction Agreement ("EPC Agreement") between Inovateus and Polamer includes a forum-selection clause that provides, in relevant part:

> 16.4. Governing Law; Submission to Jurisdiction; Venue; No Jury Trial.
>
> (a) Governing Law. THIS AGREEMENT SHALL BE GOVERNED BY, AND INTERPRETED AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF INDIANA, EXCLUDING ANY CONFLICT OF LAW PRINCIPLES.
>
> (b) Submission to Jurisdiction, Venue. The Parties agree that any suit, action or other legal proceeding by or against any Party (or its affiliates or designees) with respect to or arising out of this Agreement shall be brought exclusively in the United States District Court for the Northern District of Indiana or the courts of the State of Indiana, in the City of South Bend, as the Party instituting such suit, action or other legal proceeding may elect. By execution and delivery of this Agreement, each Party (for itself, its affiliates and its designees) irrevocably and unconditionally consents and submits to the exclusive jurisdiction of such courts and the appellate courts therefrom, and waives any right it may have to assert the doctrine of forum non conveniens or similar doctrine or to object to venue with respect to any proceeding.

[DE 1-1 at 17]. Inovateus then executed a subcontract with Solar, a Connecticut limited liability company, to perform at least part of the work at the Project. The Master Subcontract Agreement ("Subcontract") between Inovateus and Solar contains a clause that purports to fully incorporate the forum-selection clause between Inovateus and Polamer into the Subcontract, as if Solar has agreed to all of the terms that were agreed to by Inovateus and Polamer. Article 1.1 of the Subcontract states that:

> … The Contract Documents for each Project shall consist of this Master Agreement and all exhibits attached hereto, the Job Order, the Engineering, Procurement and Construction agreement… Such documents form the Contract Documents and are as fully a part of this Master Agreement as if attached to this Master Agreement or repeated herein.

[DE 42-1 at 9]. In addition, Articles 9.1, 9.2, and 10.1 of the Subcontract also state that Solar has a two-year warranty obligation towards Inovateus as well as a duty to indemnify Inovateus. *Id.* at 17.

Disputes about the Project arose between Inovateus and Polamer and could not be resolved. Litigation began when Inovateus filed its complaint in this Court against Polamer based on diversity jurisdiction on May 20, 2016. Inovateus alleged that Polamer defaulted on its payments for work done on the Project and sought $225,000 in damages. Polamer timely answered the Inovateus complaint, asserting its defenses as well as a counterclaim alleging that work on the Project had been faulty. Inovateus then filed a third-party indemnification claim against Solar on November 16, 2016, citing Solar's contractual obligations in Articles 9.1, 9.2, and 10.1 of the Subcontract in support of its claim that Solar is responsible for any liability resulting from Polamer's counterclaim. Solar filed this motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) in response to Inovateus' third-party complaint.

## II.    LEGAL STANDARD

A federal court "sitting in diversity must apply the personal jurisdiction rules of the state in which it sits." *Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 697 (7th Cir. 2015). A federal court's exercise of jurisdiction over a defendant must be permitted by the forum state's personal jurisdiction statute and comply with the requirements of the Due Process Clause of the Fourteenth Amendment. *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012). The applicable statute in this case is Indiana Trial Procedure Rule 4.4, which provides that Indiana courts have jurisdiction over a defendant on "any basis not inconsistent with the Constitution of this state or the United States." Ind. R. Trial P. 4.4(A).

A plaintiff has the burden of showing that a federal court has personal jurisdiction over a defendant, and when the issue of jurisdiction is raised in a motion to dismiss "based on the submission of written materials, without the benefit of an evidentiary hearing… plaintiff 'need only make out a prima facie case of personal jurisdiction.'" *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (internal citation omitted). The Court will construe "all facts concerning jurisdiction in favor of the nonmovant, including disputed or contested facts." *Reliable Tool & Mach. Co. v. U-Haul Int'l*, 837 F. Supp. 274, 279 (N.D. Ind. 1993).

Inovateus asserts in its third-party complaint that this Court has general jurisdiction over Solar. When a defendant has "continuous and systematic" contacts with the forum state, the defendant is subject to general jurisdiction in that forum. *Felland*, 682 F.3d at 673 (internal citation omitted). General jurisdiction requires that the defendant's contacts "be sufficiently extensive and pervasive to approximate physical presence." *Id* (internal citation omitted). For a corporation, "the place of incorporation and principal place of business are paradig[m]… bases for general jurisdiction." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014).

If general jurisdiction does not exist over a defendant, specific jurisdiction may also be used to exert jurisdiction over that defendant. The Seventh Circuit follows a three-prong test to determine if specific jurisdiction exists over a defendant. The three prongs are:

> (1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice.

*Felland*, 682 F.3d at 673. The first prong is met when a "defendant deliberately engages in significant activities within the forum state or creates continuing obligations between himself and

4

residents of the forum." *Family Time Snacks, Inc. v. Allen*, No. 2:09-cv-49JVB, 2010 WL 746754, at *3 (N.D. Ind. Feb. 26, 2010). A plaintiff must also demonstrate that his injury "arises out of or relates to the conduct that comprises the defendant's contacts." *Felland*, 682 F.3d at 676 (citing *Tamburo v. Dworkin*, 601 F.3d 693, 708 (7th Cir. 2010)) (internal quotations omitted).

### III. ANALYSIS

As noted above, a federal court may assert its jurisdiction over a case or controversy so long as the court has either general jurisdiction or specific jurisdiction over a party.

#### A. Lack of General Jurisdiction Over Solar

While Inovateus asserts in its third-party complaint that this Court has both general and specific jurisdiction over Solar, the facts of the case and the briefs show that this Court does not have general jurisdiction over Solar. The record shows that Solar is a Connecticut limited liability company and maintains its principal place of business in either New York or New Jersey. Solar must be incorporated, or have its principal place of business, in Indiana to be subject to general jurisdiction here. Solar is neither incorporated in Indiana, nor does it have its principal place of business here. Therefore, Solar does not meet the requirements for general jurisdiction. Furthermore, Inovateus does not contest, and therefore concedes, Solar's assertion that this Court does not have general jurisdiction over Solar.

#### B. Specific Jurisdiction Analysis

Accordingly, the analysis here will focus solely on whether specific jurisdiction exists over Solar via the forum-selection clause in the Inovateus-Polamer EPC Agreement or the three-prong test provided in *Felland*. Before turning to the three-prong test, the effect on Solar of the forum-selection clause contained in the Inovateus-Polamer EPC Agreement must be determined.

5

### 1. The EPC Agreement forum-selection clause's incorporation into the Master Subcontract Agreement

Article 1.1 of the Subcontract signed by both Inovateus and Solar explicitly incorporates the Inovateus-Polamer EPC Agreement when it defines "contract documents" to include the EPC Agreement and states that the Contract Documents "are as fully a part of this Master Agreement as if attached to this Master Agreement or repeated herein." [DE 42-1 at 9]. Based on Article 1.1, the Inovateus-Polamer forum-selection and venue clause found in Article 16.4 of the EPC Agreement reflecting Inovateus's and Polamer's agreement to submit to jurisdiction in Indiana state court or the federal courts of the Northern District of Indiana is arguably incorporated into the Inovateus-Solar Subcontract.

However, the parties disagree as to whether this clause, agreed to by Inovateus and Polamer in their contract, defines the forum and venue for any disputes between Inovateus and Solar. Solar argues that this clause only repeats the forum-selection agreement made between Inovateus and Polamer and does not bind it to dispute resolution in Indiana. Inovateus contends that Article 1.1 fully incorporates all of the provisions in the EPC Agreement into the Subcontract, and therefore binds Solar to its forum-selection clause.

According to Indiana law, "the goal of contract interpretation is to determine the intent of the parties at the time they made the agreement." *Bobeck Real Estate Co., Inc. v. Frontier North Inc.*, 120 F. Supp.3d 845, 851 (N.D. Ind. 2015) (citing *Citimortgage, Inc. v. Barabas*, 975 N.E.2d 805, 813 (Ind. 2012). The Court starts with "the plain language of the contract, reading it in context and, whenever possible, construing it so as to render each word, phrase, and term meaningful, unambiguous, and harmonious with the whole." *Id.* "When necessary, the court may look to the four corners of the document to understand the text of a disputed provision." *Id.* A contract provision is only ambiguous when a "reasonable person could find its terms susceptible to more

than one interpretation." *Id.* If a term is ambiguous, it is construed "to determine and give effect to the intent of the parties at the time they entered the contract." *Citimortgage, Inc.*, 975 N.E.2d at 813.

Article 1.1, on its own, is ambiguous. A reasonable person could find it to mean that Article 16.4 is fully incorporated into the Subcontract between Inovateus and Solar or to mean that the agreement between Inovateus and Polamer is only repeated in the Subcontract. Without resolving the meaning of Article 1.1, however, the Court can ascertain whether the Inovateus-Polamer forum-selection clause applies to Solar based on another provision in the Inovateus-Solar Subcontract. Article 1.3 of the Subcontract states that Solar, as the:

> Subcontractor agrees, without limiting any obligations stated in this Master Agreement, to assume toward the Contractor [defined as Inovateus] all of the obligations and the responsibilities that Contractor by the Contract Documents assumes toward the Owner [defined as Polamer], and the Contractor shall, in addition to other rights and remedies provided by this Master Agreement, have the same rights and remedies against Subcontractor that the Owner has against Contractor under the Contract Documents as though the terms of those documents were set forth in full in this Master Agreement. Should any provision of the Contract Documents be inconsistent with any provision of this Master Agreement, this Master Agreement shall govern.

[DE 42-1 at 10].

The critical language in Article 1.3 states that Inovateus "ha[s] the same rights and remedies against [Solar] that [Polamer] has against [Inovateus] under the Contract Documents as though the terms of those documents were set forth in full in this Master Agreement." *Id*. In other words, the plain language of Article 1.3 endows Inovateus with all of the same rights and remedies against Solar, as Polamer has against Inovateus under the EPC Agreement as one of the Contract Documents. Under Article 16.4 of the EPC Agreement, Polamer and Inovateus "irrevocably and unconditionally consent[ed] and submitt[ed] to the exclusive jurisdiction" of the Indiana state

7

courts or the Northern District of Indiana in South Bend for resolution of any legal action. Having signed the Sucontract that incorporates all the rights and remedies provided in the EPC Agreement, including Article 16.4, Solar has expressed its intention to be bound by the Article 16.4 forum-selection clause. "Federal law recognizes forum-selection provisions to be *prima facie* valid and requires such provisions to be enforced unless the party opposing the provision establishes that enforcement of the forum-selection clause would be unreasonable." *Whiting-Turner Contracting Co. v. Westchester Fire Ins. Co.*, No. JFM-13-348, 2013 WL 3177881, at *3 (D. Md. June 20, 2013) (citing *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 10 (1972). Accordingly, it would not be appropriate to allow Solar to renege on its intentional submission to the jurisdiction of this Court with regard to disputes arising from the Polamer Project.

    **2.    The validity of the forum-selection clause**

Having decided that Solar is bound by the Section 16.4 forum-selection clause, the Court turns its attention to Solar's argument that the clause is invalidated by Conn. Gen. Stat. Ann. § 42-158m. Section 42-158m provides:

> Any provision in a construction contract for the performance of work on a construction site located in this state that purports to require that any dispute arising under the construction contract be mediated, arbitrated or otherwise adjudicated in or under the laws of a state other than Connecticut shall be void and of no effect, regardless of whether the construction contract was executed in this state
> .

Conn. Gen. Stat. Ann. § 42-158m. Solar further relies on *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568 (2013), *Whiting-Turner Contracting Co.*, 2013 WL 3177881, and *M/S Bremen*, 407 U.S. 1 to argue that while forum-selection clauses are presumptively valid under federal law, they are unenforceable if they contravene a strong public policy of the forum the suit is brought. Solar contends that enactment of Section 42-158m against

8

forum-selection clauses contained within construction contracts purporting to remove suits to another forum is evidence of a strong public policy in the forum state that nullifies the clause.

However, Inovateus uses both *Atlantic Marine* and *Whiting-Turner* to argue the opposite result. Inovateus argues that federal law deems forum-selection clauses to be presumptively valid and that Connecticut's statute is not an example of a strong public policy of the forum state requiring a federal court's deference. Inovateus further argues that Solar should not be permitted to escape its contractual obligations via a Connecticut statute when it knowingly agreed to an Indiana choice-of-law provision, as well as an Indiana forum-selection clause.

Solar concedes that forum-selection clauses are presumptively valid and enforceable under federal law, which preempts state law. *See Armstrong v. Exceptional Child Center, Inc.*, 135 S. Ct. 1378, 1383 (2015). However, Solar also notes correctly that forum-selection clauses are invalid when "the party opposing the provision establishes that enforcement of the forum-selection clause would be unreasonable." *Whiting-Turner*, 2013 WL 3177881, at *3 (citing *M/S Bremen*, 407 U.S. 1, 10); *see also Jackson v. Payday Fin., LLC*, 764 F.3d 765 (7th Cir. 2014). An example of when enforcement of a forum-selection clause would be unreasonable is if "enforcement would contravene a strong public policy of the forum in which suit is brought." *M/S Bremen*, 407 U.S. 1, 15 . However, forum-selection clauses must be given "controlling weight in all but the most exceptional cases." *Atlantic Marine*, 134 S. Ct. at 579.

In *Whiting-Turner*, the plaintiff was a Maryland corporation that filed its lawsuit against a Pennsylvania company in Maryland according to a forum-selection clause in their contract. 2013 WL 3177881, at *3. Like Connecticut, Pennsylvania has a statute forbidding forum-selection clauses in construction contracts. 62 Pa. Stat. and Consol. Stat. Ann. § 3937 (West). There, the court found that the forum-selection clause did not contravene any Maryland public policy, and

9

was therefore enforceable. *Whiting-Turner*, 2013 WL 3177881, at *3-4. The court reasoned that the forum-selection clause did not violate the Pennsylvania statute because Maryland was the forum state in which suit was brought when the plaintiff filed the action and Maryland and was a Maryland corporation, and Maryland had public policy against its citizens maintaining suit there. *Id.* Similarly, the court in *Bremen* established that the forum-selection clause should only be held unenforceable when it contravenes a strong public policy "of the forum in which suit is brought." *Bremen*, 407 U.S. at 15.

Here, Solar argues that Connecticut public policy, as expressed in its statute, invalidates the Inovateus-Solar forum-selection clause. Therefore, the case parallels the situation in *Whiting-Turner* because Inovateus, an Indiana limited liability company, filed suit in Indiana, its own state of citizenship, not Solar's state of citizenship. *Whiting-Turner*, 2013 WL 3177881, at *3. Accordingly, the public policy of Indiana, not Connecticut, is relevant in determining whether the Inovateus-Solar forum-selection clause is valid.

Solar presents no argument or evidence that the forum-selection clause at issue violates a strong public policy of Indiana. Indeed, it is doubtful Indiana would have a strong public policy against its citizens retaining lawsuits within its borders. Furthermore, the Court agrees with Inovateus's contention that Solar should not be permitted to escape its contractual obligations, which it knowingly agreed to, via a convenient state statute once litigation has begun. Doing so would offend the "traditional notions of fair play and substantial justice" that are the defining bases of personal jurisdiction. See *Int'l Shoe Co. v. State of Wash., Office of Unemployment & Compensation & Placement*, 326 U.S. 310 (1945).

Therefore, the Inovateus-Solar forum-selection clause is valid despite the Connecticut statute prohibiting such clauses that force litigation outside the borders of Connecticut. *Whiting-*

*Turner*, 2013 WL 3177881, at *3. Consequently, the Court finds that the forum selection clause in the Subcontract provides this Court specific jurisdiction over Solar.

### C. Specific Jurisdiction without the Forum-Selection Clause

Moreover, this Court's exercise of specific jurisdiction is bolstered by the three-prong test established by *Felland*. As to the first prong of purposeful availment, Solar purposefully directed its communications at Inovateus, an Indiana citizen, obligated itself to a continuing two-year warranty, and agreed to indemnify Inovateus against any claims arising from the Project. *Felland*, 682 F.3d at 673. With those communications and contractual obligations to Indiana, Solar purposefully directed activities at Inovateus's home state of Indiana. *Id*. *See Felland*, 681 F.3d 673; *Family Time Snacks*, 2010 WL 746754, at *3.

Having determined that Solar's communications and contractual obligations were directed at Indiana and therefore qualified as forum-related activities, the Court turns its attention to *Felland's* second-prong – whether Inovateus's alleged injury arose from these activities. *See Felland*, 682 F.3d at 673. Solar's communications with Inovateus established the contract giving rise to this suit and kept Inovateus informed on the progress of the Project. Moreover, any injury Inovateus could suffer if found liable on Polamer's counterclaim – the focus of Inovateus's third-party complaint against Solar – will require payment from Inovateus's accounts that will affect Inovateus's business in Indiana. Therefore, Inovateus's alleged injury does arise from Solar's forum-related activities.

Lastly, the Inovateus-Solar Subcontract, especially the indemnification and forum-selection clauses, made it reasonable for Solar to foresee being haled into Indiana court. Accordingly, it does not offend the traditional notions of fair play and substantial justice for this Court to retain jurisdiction over Solar. *See Felland*, 682 F.3d 673.

Therefore, specific jurisdiction exists over Solar whether through the Subcontract's forum-selection clause or based on the three-prong test for jurisdiction provided by *Felland*.[1]

IV. **CONCLUSION**

For the reasons stated above, the Court finds that: (1) the Article 16.4 forum-selection clause, incorporated into the Inovateus-Solar Subcontract is enforceable and establishes this Court's jurisdiction over Solar; (2) Conn. Gen. Stat. Ann. § 42-158m does not invalidate the Article 16.4 forum-selection clause; and (3) specific jurisdiction exists over Solar based on the *Felland* three-prong test. Therefore, the Court **DENIES** Solar's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2). [DE 40].

**SO ORDERED.**

Dated this 10th day of July 2017.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge

---

[1] Inovateus's argument that the Arbitration Clause found in Article 2.2 of the Subcontract confers jurisdiction over solar is unpersuasive because no authority supports extending limitations in arbitration clauses to legal proceedings. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985) (holding arbitration clauses are a "specialized kind of forum-selection clause" for the purpose of enforcing arbitration proceedings only). Having found specific jurisdiction over Solar for other reasons, the Court need not consider Inovateus's Arbitration Clause argument further.

12